UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLAS J. AHRENS

    Plaintiff,

                        Case No. 6:09-CV-2188-ORL-35KRS

UNIVERSAL TECHNICAL INSTITUTE
d/b/a Motorcycle and Marines Mechanics
Institute

    Defendant,

---

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES
## AND INCORPORATED MEMORANDUM OF LAW

Defendant Universal Technical Institute d/b/a Motorcycle and Marines Mechanics Institute ("UTI"), by and through undersigned counsel, hereby moves for an Order assessing attorneys' fees against Plaintiff, Nicholas J. Ahrens, and his attorney, Timothy Frantz, Esq. As discussed herein, UTI makes this request pursuant to Fed. R. Civ. P. 37(a)(5)(5)(A) and the Court's Order dated December 7, 2010. In support of this motion, UTI states as follows:

### ARGUMENT

**I.**     **Procedural Background.**

As explained in UTI's Motion to Compel [Dk. No. 18], UTI served Plaintiff with UTI's First Set of Requests for Production, First Set of Requests for Admission and First Set of Non-Uniform Interrogatories on August 30, 2010. Plaintiff's Responses to UTI's discovery requests were due on October 4, 2010. Plaintiff failed to serve any formal responses or objections to any of the discovery requests by that date. UTI promptly contacted Plaintiff's counsel who indicated that the discovery responses were forthcoming. However, Plaintiff did not produce anything the

following week. On October 15, 2010, UTI followed up with Plaintiff's counsel again, in writing, requesting that the outstanding discovery be produced by October 22, 2010. On October 20, 2010, Plaintiff produced responses to UTI's requests for admission and requests for production. The majority of these discovery responses were non-responsive and incomplete.

On November 1, 2010, UTI sent Plaintiff's counsel a letter outlining the specific deficiencies and requesting that Plaintiff supplement his responses to UTI's requests for admission and requests for production no later than November 8, 2010. In this same letter, UTI reminded Plaintiff that his responses to UTI's First Set of Non-Uniform Interrogatories remained outstanding. UTI requested that Plaintiff produce supplemental responses to the requests for admission and document requests, as well as interrogatory responses by November 8, 2010. Plaintiff's counsel did not respond. Thus, on November 12, 2010, counsel for UTI conferred with Plaintiff's counsel in accordance with Local Rule 3.01(g), on all discovery issues addressed herein. Plaintiff's counsel indicated that he would produce additional responsive documents and interrogatory responses by November 15, 2010, however, Plaintiff failed to do so.

Accordingly, on November 18, 2010, UTI filed its Motion to Compel Discovery Responses and To Extend Discovery Mediation and Dispositive Motion Deadlines [Dk. No. 18]. Plaintiff failed to respond to the motion. On November 24, 2010, after UTI filed its motion but before the Court had ruled on it, Plaintiff's counsel dropped off a box of additional documents to counsel for UTI. The box contained additional documents but it did not contain responses to the outstanding interrogatories or the outstanding requests for admission.

On December 7, 2010, the Court granted UTI's motion to compel as unopposed and entered an Order stating in pertinent part:

> On or before December 13, 2010, Ahrens shall do the following: (1) deliver to counsel for Defendant sworn answers to Defendant's interrogatories; (2) produce for inspection and copying all documents within Plaintiff's possession, custody or control

responsive to Defendant's request for production[1]; (3) deliver to counsel for Defendant revised answers to Request for Admissions 10 and 11 stating "in detail why [Plaintiff] cannot truthfully admit or deny" each request as required by Fed. R. Civ. P. 35(a)(4). All objections to these matters have been abandoned by failing to assert them timely. Ahrens is advised that failure to comply with this Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f), including dismissal of Ahrens' claim.

*See* Dk. No. 19 at p. 1.

Following the Court's Order, Plaintiff's counsel asked that UTI review his supplemental production and tell him which discovery requests UTI believed to remain outstanding.    On December 10, 2010, counsel for UTI attempted to reach Plaintiff's counsel in the office and on his cell phone. UTIs counsel also sent Plaintiff's counsel an email outlining the specific requests that UTI believed to remain outstanding.  Specifically, UTI asserted that the following items were still owed by Plaintiff: (1) Plaintiff's responses to UTI's requests for admission (nos. 10 and 11); (2) Plaintiff's sworn responses to the NUI's; (3) Plaintiff's responses and/or documents to RFPS Nos: 1, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30, 32, and 34 and (4) Plaintiff's privilege log. *See* **Exhibit 1**.

On December 13, counsel for Plaintiff and counsel for UTI spoke by telephone and eventually, Plaintiff sent UTI unsigned and undated responses to the outstanding requests for production and admission.  UTI reviewed the discovery and contacted Plaintiff's counsel by email and telephone to ask that: counsel sign the discovery responses, update the certificate of service (from October to December), produce sworn interrogatory responses, and further supplement his responses to Requests No. 19, 20, 21, 22, 30, and 32. *See* **Exhibit 2.**  Counsel for UTI received the revised supplemental responses at approximately 7:00 p.m. on December 13, 2010.  UTI agreed to give Plaintiff until December 14, 2010 to provide his sworn interrogatory responses, however,  UTI did not receive these responses on December 14.  UTI contacted

---

[1] Plaintiff may not rely on his assumption that Defendant already has documents that are also in Plaintiff's possession, custody or control, to avoid the requirement that he makes all responsive documents available for inspection and copying.

Plaintiff's counsel on December 15, 2010 and Plaintiff's counsel eventually faxed the sworn responses to UTI at 4:00 p.m. on December 15, 2010.

Although UTI eventually received discovery responses from Plaintiff, it was not without substantial effort on UTI's part and not until after UTI filed (and in most instances) granted UTI's Motion to Compel. Accordingly, UTI is entitled to its reasonable attorneys' fees and costs.

## II. UTI Is Entitled To Recover Its Attorneys Fees Pursuant to Fed. R. Civ. P. 37(a)(5)(5)(A).

Rule 37(a)(5)(a) explicitly provides for the award of attorneys' fees in circumstances, whereas here, "the disclosure or requested discovery is provided after the motion was filed." Specifically, Rule 37 provides: "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Here, Plaintiff did not produce any responses whatsoever until after UTI's Motion to Compel was filed. Moreover, although Plaintiff produced some additional documents on November 24, the majority of these were non-responsive and Plaintiff did not produce supplemental signed discovery responses until December 14 and 15, *after* the Court's December 7 Order granting UTI's Motion to Compel and *after* the Court's December 13 deadline for producing the outstanding discovery had passed.

Finally, UTI did not file its motion without first attempting in good faith to obtain the discover without court action; Plaintiff's non-disclosure was not substantially justified; and no other circumstances make the award of expenses unjust. Accordingly, attorneys' fees are proper pursuant to Rule 37(a)(5)(A), *et. seq*.

## III. UTI Is Entitled To Recover Its Attorneys Fees Pursuant to The Court's December 7, 2010 Order.

UTI is also entitled to fees pursuant to the Court's December 7, 2010 Order. Specifically, the Order provides:

> Defendant is entitled to attorneys' fees incurred in bringing the motion to compel. The parties are instructed to confer regarding the resolution of the attorneys' fee issue. If the parties are unable to agree upon the amount owed, it is ORDERED that Defendant must file, on or before December 27, 2010, a motion for attorneys' fees supported by evidence of the reasonable hourly rate of professionals for whom fees are sought, a time sheet showing the work performed and the reasonable number of hours, and evidence of actual costs incurred.

*See* Dk. No. 19 at p. 2. On or about December 10, 2010, counsel for UTI began attempting to discuss the matter of attorneys' fees with counsel for Plaintiff. UTI's counsel again raised the issue on December 13, 14, and 15. On December 16, 2010, UTI's counsel told Plaintiff's counsel by telephone and over email that UTI intended to seek just under $12,000 in fees relating to the outstanding discovery. *See* **Exhibit 3**. Although UTI's counsel indicated a willingness to reach an agreement, she also emphasized that UTI needed to comply with the deadlines contained in the Court's Order. Plaintiff's counsel indicated that he would discuss the matter with his client and get back to UTI later in the day, however he did not. On December 17, 2010, counsel for UTI followed up with Plaintiff's counsel by calling his office and cell phone and by emailing him. *See* **Exhibit 4**. Although Plaintiff's counsel eventually left a voicemail for UTI's counsel, his message contained no counteroffer or stated anything of a substantive nature. UTI's counsel subsequently contacted him on both his office line and cell phone but he did not return her calls or respond to the follow-up email she sent him. *See* **Exhibit 5**. As of the time of filing UTI has not received any sort of counteroffer from Plaintiff's counsel. Accordingly, UTI respectfully submits this Motion for Attorneys' Fees.

### IV.    The Attorneys' Fees Incurred By UTI Are Reasonable.

UTI seeks attorneys' fees in the total amount of $11,553.00. As set forth more fully below and in the Affidavit of David S. Oliver, Esq., attached hereto as **Exhibit 6,** and the

Affidavit of Gregory W. Herbert, Esq. attached hereto as **Exhibit 7,** these fees are reasonable in light of the applicable factors. The starting point for determining the amount of a reasonable fee is the number of hours expended on the litigation multiplied by a reasonable hourly rate. *See, e.g., Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This is called the Lodestar. In *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985), the Florida Supreme Court adopted the federal lodestar approach for computing reasonable attorneys' fees where there is a statutory right of recovery. The Florida Supreme Court held that although the amount of an attorneys' fee award must be determined on the facts of each case, the federal lodestar approach provides a suitable foundation for the analysis. *Id.*

The first step in the lodestar process requires the Court to determine the number of hours reasonably expended on the litigation. *Id.* A report of actual billing hours, detailing the specific breakdown of the hours charged by UTI's attorneys is attached. *See* **Exhibit 8.** A total of 33.6 hours of attorney time was reasonably expended from October 4, 2010 through November 30, 2010 in relation to UTI's Motion to Compel. This number of hours expended is reasonable given that Plaintiff all together failed to respond to UTI's requests for production, requests for admission, and non-uniform interrogatories and UTI's counsel engaged in numerous efforts to obtain the discovery responses prior to involving the Court. For example, UTI had multiple telephone conferences, met with Plaintiff's counsel and spent time reviewing and itemizing outstanding discovery items for Plaintiff's counsel. UTI also incurred attorneys' fees summarizing these efforts (as well as the multiple deficiencies in Plaintiff's discovery responses) in conjunction with preparing UTI's motion to compel. Counsel for UTI also made several downward adjustments and is not seeking all time spent in preparing its motion or working to resolve the discovery issue. Additionally, although UTI incurred costs to copy, fax, and ship its motion and other items related to discovery, UTI is only seeking to recover its costs for doing on-line research on Westlaw in the amount of $225.21.

The second half of the equation requires the Court to determine a reasonable hourly rate

for the services of the prevailing party's attorney. *Id.* In determining a reasonable hourly rate, Florida courts should take into account the criteria set forth in Rule 4-1.5(b)(1) of the Rules Regulating the Florida Bar (formerly Disciplinary Rule 2-106(b) of The Florida Bar Code of Professional Responsibility) to determine reasonable fees. *Rowe*, 472 So. 2d at 1150-51. These factors include the following:

(1)    The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;

(2)    The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    The fee customarily charged in the locality for similar legal services;

(4)    The amount involved and the results obtained;

(5)    The time limitations imposed by the client or the circumstances;

(6)    The nature and length of the professional relationship with the client;

(7)    The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)    Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150.

A reasonable hourly rate may be the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). **Exhibit 8** shows the specific breakdown of the hourly rates charged by UTI's attorneys. Based on the prevailing market rates in the Central Florida legal community for similar services by lawyers and paraprofessionals of reasonably comparable skills, experience and reputation, as

well as the *Rowe* factors above, and as attested to by David Oliver in **Exhibit 6** the hourly rates charged by UTI's lawyers are reasonable.

In particular, Mr. Herbert and Mr. Lomax are experienced trial lawyers, each with fourteen or more years of experience. Mr. Herbert is Board Certified by the Florida Bar as a specialist in Intellectual Property Law, a distinction held by a very small percentage of members of the Bar. Mr. Lomax is an AV® peer review rated lawyer who specializes in the defense of labor and employment matters. He is listed in Best Lawyers in America, Chambers & Partners USA Guide and Southwest Super Lawyers Magazine. Ms. Burgess is a seventh year associate specializing in labor and employment and litigation matters.

The number of hours reasonably expended multiplied by the reasonable hourly rate produces the lodestar. Multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rates, the reasonable attorneys' fees expended by UTI in bringing the Motion to Compel totals $11,553.00.

### Local Rule 3.01(g) Certification

Defendant's counsel certifies, pursuant to Local Rule 3.01(g), that he has made a good faith effort to confer with opposing counsel to resolve the matters raised in this motion, but the parties were unable to agree upon the relief sought herein.

**WHEREFORE**, for the reasons set forth above and based upon the documentation submitted herewith, UTI respectfully requests this Court to grant its Motion for Attorneys' Fees and to order Plaintiff to reimburse UTI for attorneys fees and costs in the amount of $11,778.20.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Ave., Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295

s/Gregory W. Herbert
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
John F. Lomax, Jr. (Admitted *Pro Hac Vice*)
Arizona Bar No. 020224
lomaxj@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Timothy Frantz, Esq. at Tfrantz@timothyfrantzpa.com.

**s/Gregory W. Herbert**
Gregory W. Herbert
John F. Lomax, Jr.

*PHX 329,651,427v1 12-17-10*

# **EXHIBIT 1**

**Burgess, Juliet S. (Assoc-Phx-EmpLaw)**

| | |
|---|---|
| **From:** | Burgess, Juliet S. (Assoc-Phx-EmpLaw) |
| **Sent:** | Friday, December 10, 2010 3:25 PM |
| **To:** | 'tfrantz@timothyfrantzpa.com' |
| **Cc:** | Herbert, Gregory W. (Shld-Orl-LT-IP) |
| **Subject:** | UTI adv. Ahrens |

Hi Tim,

I am assisting Greg Herbert on the UTI/Ahrens matter and he asked that I give you a call this afternoon to discuss the outstanding discovery addressed in UTI's motion to compel.  I left you a message at the office and tried you on your cell phone but your voicemail was full and I couldn't leave you a message.  To summarize, we have reviewed the supplemental production and believe the following discovery is still outstanding:

(1) Plaintiff's responses to UTI's requests for admission (nos. 10 and 11),
(2) Plaintiff's sworn responses to the NUI's
(3) Plaintiff's responses and/or documents to RFPS Nos: 1, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30, 32, and 34.
(4) Plaintiff's privilege log

If you have questions or want to discuss this at all, I can be reached on my cell phone (480) 277-0284 for the next hour and over the weekend.  If that is not convenient for you, please feel free to call me or Greg at the office Monday morning.  Thanks, juliet

Juliet S. Burgess
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
Tel 602.445.8469 | Fax 602.445.8685
burgessj@gtlaw.com | www.gtlaw.com

**GT GreenbergTraurig**

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MIAMI · NEW JERSEY · NEW YORK · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TYSONS CORNER · WASHINGTON, D.C. · WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
STRATEGIC ALLIANCES WITH INDEPENDENT LAW FIRMS
MILAN · ROME · ZURICH

12/16/2010

**EXHIBIT 2**

**Burgess, Juliet S. (Assoc-Phx-EmpLaw)**

| | |
|---|---|
| **From:** | Burgess, Juliet S. (Assoc-Phx-EmpLaw) |
| **Sent:** | Monday, December 13, 2010 2:52 PM |
| **To:** | 'tfrantz@timothyfrantzpa.com' |
| **Cc:** | Herbert, Gregory W. (Shld-Orl-LT-IP) |
| **Subject:** | FW: production |

**Attachments:** NICK AHRENS DISCOVERY STUFF.docx



NICK AHRENS
SCOVERY STUFF.do

Hi Tim,

Thanks for sending us the attached responses to the RFAs and RFPs. On the requests for production, please fix the certificate of service to indicate they are being signed, sent and delivered to us today and not on October 20, 2010. On the requests for production, the supplemental responses helped to narrow the universe of outstanding documents but there are a few we need you to further supplement. Here are the items we still need:

Req. No. 19: Please supplement your response to indicate the address/phone number for Jim Palei, Ron Radicke, and the phone numbers for Mark Harrington, ID Weaver and Gordon Reed. Please also produce the affidavits referenced for Mr. Palei, Mr. Radicke, and Mr. Reed.

Request No. 20: The response you gave us appears to be meant for Request No. 21. Please confirm whether there are any "photographs, slides, negatives, motion pictures, videotapes, and audiotapes, and/or other visual and/or audio reproductions relating to the claims in your complaint and/or to the damages claimed by you." If none exist, please supplement the response to indicate that is the case.

Request No. 21: Your response contains an objection and no response. The court ruled that any objections have been waived. It appears that you may have meant your response to Request No. 20 to be inserted after Request No. 21, to the extent that your response to Request No. 20 was intended for Request No. 21, please indicate so.

Request No. 22: Please supplement your response to include any demand letters written by you or your attorney in any legal proceeding or threatened legal proceeding to any person, organization, company or other entity. If none exist, please indicate so.

Request No. 30: Please further supplement your response to provide copies of the cover letters and resumes sent to the 42 potential employers listed as well as any correspondence, letters of inquiry, offer letters, salary discussions, etc. between you and any of the potential employers listed. Please also provide the dates that Plaintiff applied for employment at each of the entities.

Request No. 32: Same as No. 30.

Please also sign the supplemental documents responses and change the certificate of service to indicate they are being signed, sent and delivered today.

Finally, we still need the interrogatory responses from you.

Thanks,

Juliet

Juliet S. Burgess
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016 Tel
602.445.8469 | Fax 602.445.8685 burgessj@gtlaw.com | www.gtlaw.com

1

-----Original Message-----
From: timothyfrantz05@aol.com [mailto:timothyfrantz05@aol.com]
Sent: Monday, December 13, 2010 2:05 PM
To: Herbert, Gregory W. (Shld-Orl-LT-IP); Burgess, Juliet S. (Assoc-Phx-EmpLaw)
Subject: production

# EXHIBIT 3

## Burgess, Juliet S. (Assoc-Phx-EmpLaw)

**From:** Burgess, Juliet S. (Assoc-Phx-EmpLaw)
**Sent:** Thursday, December 16, 2010 12:02 PM
**To:** 'timothyfrantz05@aol.com'; 'tfrantz@timothyfrantzpa.com'
**Subject:** UTI/Ahrens

Hi Tim,

Thank you for sending over the interrogatory responses and for talking to me this morning about the attorney fee issue. As we discussed, UTI's fees relating to its motion to compel discovery from plaintiff total approximately $16,000 but we intend to seek just under $12,000 if we file a motion with the court. When we spoke, you said you would discuss this with your client and get back to me late today. We really need to nail this down. If I don't hear back from you we will be filing a motion for fees in accordance with the court's order. Please let me know by close of business today plaintiff's position. Thanks, Juliet

Juliet S. Burgess
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
Tel 602.445.8469 | Fax 602.445.8685
burgessj@gtlaw.com | www.gtlaw.com

## GT GreenbergTraurig

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MIAMI · NEW JERSEY · NEW YORK · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TYSONS CORNER · WASHINGTON, D.C. · WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP

STRATEGIC ALLIANCES WITH INDEPENDENT LAW FIRMS
MILAN · ROME · ZURICH

12/17/2010

**EXHIBIT 4**

## Burgess, Juliet S. (Assoc-Phx-EmpLaw)

**From:** Burgess, Juliet S. (Assoc-Phx-EmpLaw)
**Sent:** Friday, December 17, 2010 9:45 AM
**To:** 'tfrantz@timothyfrantzpa.com'; 'timothyfrantz05@aol.com'
**Cc:** Lomax, John F. (Shld-Phx-EmpLaw); Herbert, Gregory W. (Shld-Orl-LT-IP)

**Subject:** UTI adv. Ahrens

Hi Tim,
When we spoke yesterday morning you indicated that you would discuss UTI's fee request for just under $12K with your client and get back to me later in the day. I didn't hear back from you yesterday and left you voicemails this morning both at the office and on your cell phone.  Please let me know Plaintiff's position with respect to UTI's fee request.  If I don't hear from you by noon my time, we will proceed with filing our request.  thanks

Juliet S. Burgess
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
Tel 602.445.8469 | Fax 602.445.8685
burgessj@gtlaw.com | www.gtlaw.com

## GT GreenbergTraurig

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MIAMI · NEW JERSEY · NEW YORK · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TYSONS CORNER · WASHINGTON, D.C. · WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
STRATEGIC ALLIANCES WITH INDEPENDENT LAW FIRMS
MILAN · ROME · ZURICH

12/17/2010

# **EXHIBIT 5**

# Burgess, Juliet S. (Assoc-Phx-EmpLaw)

**From:** Burgess, Juliet S. (Assoc-Phx-EmpLaw)
**Sent:** Friday, December 17, 2010 1:21 PM
**To:** 'tfrantz@timothyfrantzpa.com'; 'timothyfrantz05@aol.com'
**Cc:** Lomax, John F. (Shld-Phx-EmpLaw); Herbert, Gregory W. (Shld-Orl-LT-IP)
**Subject:** RE: UTI adv. Ahrens

Hi Tim,
I received your voicemail asking to call you back. I left you a message at the office and tried your cell phone but it said your voicemail was full and you were not accepting new messages. Thanks, juliet

**Juliet S. Burgess**
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
Tel 602.445.8469 | Fax 602.445.8685
burgessj@gtlaw.com | www.gtlaw.com

**GT GreenbergTraurig**

---

**From:** Burgess, Juliet S. (Assoc-Phx-EmpLaw)
**Sent:** Friday, December 17, 2010 9:45 AM
**To:** 'tfrantz@timothyfrantzpa.com'; 'timothyfrantz05@aol.com'
**Cc:** Lomax, John F. (Shld-Phx-EmpLaw); Herbert, Gregory W. (Shld-Orl-LT-IP)
**Subject:** UTI adv. Ahrens

Hi Tim,
When we spoke yesterday morning you indicated that you would discuss UTI's fee request for just under $12K with your client and get back to me later in the day. I didn't hear back from you yesterday and left you voicemails this morning both at the office and on your cell phone. Please let me know Plaintiff's position with respect to UTI's fee request. If I don't hear from you by noon my time, we will proceed with filing our request. thanks

**Juliet S. Burgess**
Associate
Greenberg Traurig, LLP | 2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
Tel 602.445.8469 | Fax 602.445.8685
burgessj@gtlaw.com | www.gtlaw.com

**GT GreenbergTraurig**

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MIAMI · NEW JERSEY · NEW YORK · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TYSONS CORNER · WASHINGTON, D.C. · WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
STRATEGIC ALLIANCES WITH INDEPENDENT LAW FIRMS
MILAN · ROME · ZURICH

12/17/2010

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLAS J. AHRENS

Plaintiff,

Case No. 6:09-CV-2188-ORL-35KRS

UNIVERSAL TECHNICAL INSTITUTE
d/b/a Motorcycle and Marines Mechanics
Institute

Defendant,

---

**AFFIDAVIT OF DAVID S. OLIVER, ESQ.**

STATE OF FLORIDA    )
COUNTY OF ORANGE   )

BEFORE ME, the undersigned Notary, duly authorized to administer oaths in the State of

Florida, appeared David Oliver, Esq., who, after being duly sworn, deposes and says:

1.    I am currently a member of The Florida Bar, and have been since 1985.  I have

been a member of the Bar of the United States District Court for the Middle District of Florida

for 24 years.  I am currently employed by the Business Trial Group of Morgan & Morgan, P.A..

Prior to that I was a partner at the law firm of Baker Hostetler P.A..

2.    I have examined the files of Greenberg Traurig, P.A., attorneys for Defendant

Universal Technical Institute d/b/a Motorcycle and Marines Mechanics Institute ("UTI") in the

above-styled matter, including time records, billing information, and UTI's Motion for Attorneys' Fees, with all exhibits thereto.

3.     I am familiar with the amount of time and work reasonably required or involved in a case of this type. I am further familiar with the amount customarily charged by attorneys and allowed by the Court for attorneys' fees in matters of this nature by lawyers of comparable skill, experience and reputation in the Middle District of Florida, as well as in the Southern District of Florida, including Dade County, Florida, where some of the attorneys and paralegals who worked on this case practice.

4.     After reviewing the complete file, I have personal knowledge as to the nature and extent of the services rendered by the attorneys for UTI in this action. I have carefully considered Disciplinary Rule 4-1.5(b) of the Florida Bar Code of Professional Responsibility and *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) in reaching my opinion. I believe the time expended and the hourly rates charged are reasonable.

5.     Based upon the factors considered above, the reasonable total attorneys' fees incurred by UTI for services rendered in bringing the motion to compel are $11,553.00  as attributed below:

| Attorneys' Fees Incurred Between October 4, 2010 and November 30, 2010 Incident To Motion To Compel | | | | |
|---|---|---|---|---|
| **Name** | **Position/ Location** | **Hours** | **Billed Rate** | **Bill Amount** |
| Gregory Herbert | Shareholder, Orlando | 13.2 | $425.00 | $5,610.00 |
| John F. Lomax, Jr. | Shareholder, Phoenix | 2.2 | $385.00 | $847.00 |
| Juliet S. Burgess | Associate, Phoenix | 18.2 | $280.00 | $ 5,096.00 |
| **Total Fees** | | **33.6** | | **$11,553.00** |

FURTHER AFFIANT SAYETH NAUGHT.

_David Oliver, Esq._

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing Affidavit in Support of Attorneys' Fees was subscribed and sworn to before me this 20th day of December, 2010, by David Oliver, who [✔] is personally known to me or [ ] has produced _N/A_ (type of identification). He did take an oath.

_Janice A. DeJulio_
Notary Public STATE OF FLORIDA

_JANICE A. DEJULIO_
Name Typed, Printed or Stamped

_DD 802453_
Commission Number

JANICE A. DE JULIO
Notary Public - State of Florida
My Comm. Expires Aug 2, 2012
Commission # DD 802453

**EXHIBIT 7**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLAS J. AHRENS

Plaintiff,

Case No. 6:09-CV-2188-ORL-35KRS

UNIVERSAL TECHNICAL INSTITUTE
d/b/a Motorcycle and Marines Mechanics
Institute

Defendant,

---

**AFFIDAVIT OF GREGORY W. HERBERT AS TO ATTORNEYS' FEES**

BEFORE ME, the undersigned authority, this day personally appeared Gregory W. Herbert, who, being first duly sworn upon oath deposes and states as follows:

1.     I am a shareholder of Greenberg Traurig, P.A., counsel for Defendant, Universal Technical Institute d/b/a Motorcycle and Marines Mechanics ("UTI") in this matter.  I am a member in good standing of the Florida Bar, and have continuously practiced law in Florida from 1997 to the present.

2.     In prosecuting this action on behalf of Defendant, I and other attorneys and paralegals at Greenberg Traurig, P.A. and Greenberg Traurig, LLP ("GT") working under my supervision have thus far expended the following amounts of time (at the noted billing rates) prosecuting this action:

See <u>Composite Exhibit "A"</u>.

3.    The total amount of attorneys' fees sought incident to UTI's Motion to Compel is: **$11,553.00**.

4.    The hours expended by the attorneys of GT in the prosecution of this motion are reasonable in light of the circumstances presented in this litigation.

5.    I believe that the hourly rates charged by the attorneys of GT in the prosecution of this matter are reasonable and customary for litigation of this nature in this judicial district.

6.    The total amount of attorneys' fees requested is reasonable, especially in light of the eight (8) factors outlined in Rule 4-1.5(b) of the Florida Rules of Professional Conduct.

FURTHER AFFIANT SAYETH NOT

_____
Gregory W. Herbert

STATE OF FLORIDA     )
                          )
COUNTY OF ORANGE    )

The foregoing instrument was acknowledged before me this 20th day of December , 2010, by Gregory W. Herbert, who [ ✓ ] is personally known to me or [ ] has produced _____N/A_____ as identification and who did take an oath.

[NOTARIAL SEAL]

_____
NOTARY PUBLIC
Print Name: Janice A. DeJulio
My Commission Expires: 8-2-2012

JANICE A. DE JULIO
Notary Public - State of Florida
My Comm. Expires Aug 2, 2012
Commission # DD 802453

## COMPOSITE EXHIBIT "A"

| Attorneys' Fees Incurred Between October 4, 2010 and November 30, 2010<br>Incident To Motion To Compel | | | | |
|---|---|---|---|---|
| **Name** | **Position/ Location** | **Hours** | **Billed Rate** | **Bill Amount** |
| Gregory Herbert | Shareholder, Orlando | 13.2 | $425.00 | $5,610.00 |
| John F. Lomax, Jr. | Shareholder, Phoenix | 2.2 | $385.00 | $847.00 |
| Juliet S. Burgess | Associate, Phoenix | 18.2 | $280.00 | $ 5,096.00 |
| **Total Fees** | | **33.6** | | **$11,553.00** |

# EXHIBIT 8

| Date | TKPR Name | Hours | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 10/4/2010 | Herbert, Gregory W. | 0.4 | $ 425.00 | $ 170.00 | Emails to and from paralegal regarding plaintiff's deadlines for responding to discovery and receipt of any responses [.2]. Emails to and from Ms. Burgess regarding same [.2]. |
| 10/5/2010 | Herbert, Gregory W. | 0.3 | $ 425.00 | $ 127.50 | Reviewed discovery requests served on plaintiff and emails to and from Ms. Burgess regarding plaintiff apparently missing deadline to respond [.3]. |
| 10/8/2010 | Burgess, Juliet S. | 0.1 | $ 280.00 | $ 28.00 | Review emails relating to strategy in dealing with overdue discovery |
| 10/15/2010 | Herbert, Gregory W. | 1.9 | $ 425.00 | $ 807.50 | Reviewed file to determine if Plaintiff has served any response to outstanding discovery requests and deadline for same [.2]. Drafted and sent email to Mr. Lomax regarding outstanding discovery requests and strategy as to same. [.2]. Follow up emails to and from Mr. Lomax regarding same [.]. Drafted letter to opposing counsel demanding responses to outstanding discovery and requesting extension of expert disclosure deadline [.4]. Reviewed deadlines set forth in Case Mgt. Order and revised letter to opposing counsel [.3]. Emails to and from Mr. Lomax regarding scheduling mediation prior to 1/8 deadline [.2]. Worked with paralegal regarding scheduling mediation [.1]. Revised and finalized letter to plaintiff's counsel demanding discovery responses [.1]. Email to plaintiff's counsel enclosing letter [.1]. Email to Mr. Lomax regarding same [.1]. |
| 10/15/2010 | Burgess, Juliet S. | 0.3 | $ 280.00 | $ 84.00 | Review multiple emails and correspondence from G. Herbert to N. Ahrens relating to upcoming deadlines and plaintiffs' outstanding discovery |
| 10/18/2010 | Herbert, Gregory W. | 0.3 | $ 425.00 | $ 127.50 | Telephone call from opposing counsel Frantz regarding outstanding discovery [.2]. Email to Mr. Lomax regarding same [.1]. |
| 10/19/2010 | Herbert, Gregory W. | 0.9 | $ 425.00 | $ 382.50 | Worked with paralegal regarding arrangements with plaintiff's counsel for delivery of discovery materials in response to UTI's outstanding requests. [.2] Teleconference with plaintiff's counsel regarding outstanding discovery issues, possible settlement, scheduling mediation, and possible substitution of plaintiff's counsel [.4]. Emails to and from Mr. Lomax regarding same [.3] |
| 10/21/2010 | Herbert, Gregory W. | 1.2 | $ 425.00 | $ 510.00 | Extended email exchange with Mr. Lomax and paralegal regarding scheduling deposition of plaintiff and mediation, and strategy as to same in light of Case Mgt. Scheduling Order [.4]. Meeting with plaintiff's counsel, Tim Frantz, regarding documetns and discovery responses produced by plaintiff, scheduling deposition and mediation, and related issues [.6]. Drafted and sent email to Mr. Lomax summarizing meeting adn documetns produced by plaintiff, and regarding strategy as to possible motion to compel proper discovery responses [.2] |

| Date | TKPR Name | Hours | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 10/21/2010 | Burgess, Juliet S. | 0.2 | $ 280.00 | $ 56.00 | Review and respond to multiple emails relating to insufficient discovery responses produced by Plaintiff; Potential new counsel and strategy in moving to compel sufficient discovery responses |
| 10/22/2010 | Herbert, Gregory W. | 0.2 | $ 425.00 | $ 85.00 | Worked with paralegal as to status of follow up on additional documents to be produced by Plaintiff |
| 10/22/2010 | Burgess, Juliet S. | 0.2 | $ 280.00 | $ 56.00 | Receive and briefly review discovery responses from paralegal |
| 10/27/2010 | Burgess, Juliet S. | 1.0 | $ 280.00 | $ 280.00 | Review discovery responses from Plaintiff and begin to draft letter regarding deficiencies |
| 10/28/2010 | Herbert, Gregory W. | 0.4 | $ 425.00 | $ 170.00 | Emails to and from Ms. Burgess regarding questions as to outstanding discovery requests [.2]. Worked with paralegal regarding follow up on outstanding Interrogatory responses and scheduling deposition of plaintiff [.2]. |
| 10/28/2010 | Burgess, Juliet S. | 5.5 | $ 280.00 | $ 1,540.00 | Prepare correspondence to opposing counsel regarding deficiencies in Plaintiff's Requests for Production and Requests for Admission; Review issues relating to Plaintiff's outstanding responses to interrogatories |
| 10/29/2010 | Lomax, Jr. John F. | 0.4 | $ 385.00 | $ 154.00 | Working on letter regarding discovery responses |
| 10/29/2010 | Burgess, Juliet S. | 0.4 | $ 280.00 | $ 112.00 | Finish draft demand letter regarding deficiencies in discovery responses |
| 11/1/2010 | Herbert, Gregory W. | 0.9 | $ 425.00 | $ 382.50 | Reviewed and revised draft letter to opposing counsel demanding complete responses to outstanding discovery requests [.5]. Emails to and from Mr. Lomax and Ms. Burgess regarding strategy as to same and revisions to letter and anticipated motion to compel [.3]. Emailed letter to opposing counsel and to Mr. Lomax [.1]. |
| 11/1/2010 | Burgess, Juliet S. | 0.3 | $ 280.00 | $ 84.00 | Review revised letter regarding outstanding discovery to plaintiff; Strategize with G. Herbert regarding motion to compel under local rules |
| 11/4/2010 | Burgess, Juliet S. | 0.1 | $ 280.00 | $ 28.00 | Coordinate docketing deadline for plaintiff to produce supplemental responses and outstanding interrogatories |
| 11/8/2010 | Herbert, Gregory W. | 0.2 | $ 425.00 | $ 85.00 | Telephone call from opposing counsel regarding outstanding discovery requests [.2]. |
| 11/8/2010 | Burgess, Juliet S. | 1.2 | $ 280.00 | $ 336.00 | Begin to prepare motion to compel |
| 11/10/2010 | Lomax, Jr. John F. | 0.6 | $ 385.00 | $ 231.00 | Working on motion to compel |
| 11/11/2010 | Herbert, Gregory W. | 0.2 | $ 425.00 | $ 85.00 | Telephone call to opposing counsel regarding final attempt to resolve discovery issues and request for consent to extending case management deadlines. |
| 11/11/2010 | Lomax, Jr. John F. | 0.8 | $ 385.00 | $ 308.00 | Working on motion to compel and issues related to scheduling conference |
| 11/11/2010 | Burgess, Juliet S. | 1.5 | $ 280.00 | $ 420.00 | Review emails relating to motion to compel strategy;; review federal and local rules relating to same and begin to draft same |

| Date | TKPR Name | Hours | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 11/12/2010 | Herbert, Gregory W. | 0.5 | $ 425.00 | $ 212.50 | Telephone call from plaintiff's counsel regarding discovery requests, pro hac vice motion, and request to extend deadlines. [.3] Drafted email to Mr. Lomax summarizing plaintiff's position as to outstanding discovery. [.2]. |
| 11/12/2010 | Burgess, Juliet S. | 1.0 | $ 280.00 | $ 280.00 | Review multiple email regarding meet and confer with plaintiff's counsel and continue to prepare motion to compel |
| 11/15/2010 | Burgess, Juliet S. | 2.0 | $ 280.00 | $ 560.00 | Continue to prepare motion to compel; Conduct legal research regarding argument that cannot assert responsive documents are in opposing party's possession, review order granting pro hac vice motion, review status of meet and confer efforts |
| 11/15/2010 | Lomax, Jr. John F. | 0.2 | $ 385.00 | $ 77.00 | Follow-up and advise on motion to compel; Email with client regarding same |
| 11/17/2010 | Herbert, Gregory W. | 2.4 | $ 425.00 | $ 1,020.00 | Received email from Ms. Burgess enclosing Supplemental Disclosures and reviewed and finalized same [.2]. Follow up emails to and from Ms. Burgess [.2]. Received and made initial review of draft Motion to Compel discovery responses [.3]. Emails toand from Ms. Burgess regarding revisions needed to same to ensure compliance with Local Rules governing discovery motions [.3]. Provided further comments/revisions to draft Motion to Compel and emailed same to Ms. Burgess [.4]. Telephone call to plaintiff's counsel regarding consent to extension of case management deadlines [.2]. Received and reviewed revised version of draft Motion to Compel and provided comments and edits to Ms. Burgess [.8]. |
| 11/17/2010 | Burgess, Juliet S. | 2.1 | $ 280.00 | $ 588.00 | Review revisions to motion to compel from J. Lomax and revise same (.3); Conduct legal research to locate eleventh circuit authority for premise that a party who fails to timely assert objections waives them (1.3); Review multiple emails with feedback from G. Herbert and revise motion to compel accordingly (.5) |
| 11/17/2010 | Lomax, Jr. John F. | 0.2 | $ 385.00 | $ 77.00 | Phone call and emails with client regarding motion and scheduling |

| Date | TKPR Name | Hours | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 11/18/2010 | Herbert, Gregory W. | 2.1 | $ 425.00 | $ 892.50 | Emails to and from Mr. Lomax and Ms. Burgess regarding final revisions to draft Motion to Compel, client approval of same, strategy as to oral argument, and organizing and review of multiple Exhibits to motion [.3]. Worked with paralegal regarding preparation and review of Exhibits to motion, and revised Exhibits [.2]. Reviewed and made final edits to draft Motion to ensure compliance with Local Rules [.8]. Worked with paralegal regarding redaction requirements of Local Rules for personal identifying information and redacting data from attachments to discovery requests to be filed as Exhibits to Motion to Compel and multiple emails to and from Ms. Burgess regarding same [.6]; worked with paralegal as to finalizing and e-filing Motion and sending filed Motion to co-counsel. [.2]. |
| 11/18/2010 | Burgess, Juliet S. | 2.0 | $ 280.00 | $ 560.00 | Finalize motion to compel; Email with G. Ahrens and P. Castro regarding redacting exhibits, review local rules and finalize exhibits for compliance; Review finalized motion |
| 11/24/2010 | Herbert, Gregory W. | 0.6 | $ 425.00 | $ 255.00 | Telephone call from opposing counsel Tim Frantz regarding discovery outstanding and other related issues [.5]; worked with paralegal regarding mailing courtesy copy of motion to compel to opposing counsel per request[.1] |
| 11/29/2010 | Burgess, Juliet S. | 0.3 | $ 280.00 | $ 84.00 | Review emails relating to Plaintiff's discovery responses and motion to compel |
| 11/30/2010 | Herbert, Gregory W. | 0.7 | $ 425.00 | $ 297.50 | Worked with paralegal regarding Plaintiff's First Request for Documents apparently served by hand with box of documents produced by plaintiff's counsel, including initial review of same and emails to and from Mr. Lomax regarding service of same and response deadline [.3]. Follow up emails to and from paralegal and Mr. Lomax regarding box of documents produced by plaintiff's counsel and logistics of copying and delivery of same to Mr. Lomax [.2]. Drafted and revised letter to plaintiff's counsel enclosing courtesy copy of motion to compel. [.2] |
| | | | | | |
| | | 33.6 | | $ 11,553.00 | |

| Date | Cost | Amount | Narrative |
|------|------|--------|-----------|
| | | | |
| 11/15/2010 | WEST | $ 93.20 | Westlaw Research by BURGESS,JULIET L. |
| 11/17/2010 | WEST | $ 132.01 | Westlaw Research by BURGESS,JULIET L. |
| | | | |
| | | $ 225.21 | |