UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICHOLAS J. AHRENS,**

      **Plaintiff,**

v.                                              **CASE NO. 6:09-cv-2188-ORL-35KRS**

**UNIVERSAL TECHNICAL INSTITUTE,**
d/b/a Motorcycle and Marine Mechanics
Institute,

      **Defendant.**
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Sanctions (Dkt. 37). Upon consideration, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not dismiss this matter with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

### I.  BACKGROUND

Plaintiff filed a Motion to Compel Discovery on November 18, 2010, requesting an order compelling Plaintiff to comply with certain discovery requests. (Dkt. 18 at 1.) Plaintiff failed to respond to the Motion to Compel. On December 7, 2010, this Court entered an Order granting the motion as unopposed and ordering Plaintiff to comply with Defendant's discovery requests. (Dkt. 19 at 2-3.) That Order contained an admonition advising Plaintiff that failure to comply with its terms could result in

sanctions, "including dismissal of Ahrens' claim." (Dkt. 19 at 2.)

Defendant filed a Motion for Attorneys' Fees on December 20, 2010, seeking the reimbursement of attorneys' fees and costs expended by Defendant in bringing the Motion to Compel Discovery. (Dkt. 20 at 8-9.) Plaintiff again neglected to respond to the motion. The Court entered an Order granting the motion as unopposed and requiring Plaintiff to pay Defendant $11,553.00 on or before March 4, 2011. (Dkt. 32.)

In the instant Motion for Sanctions, counsel for the Defendant asserts that to date Plaintiff has failed to tender payment as required by the Order (Dkt. 32) of this Court. (Dkt. 37 at 1, 2.) Defense counsel additionally claims that Plaintiff's counsel never responded to an email sent on March 3, 2011, inquiring about the status of payment. (Dkt. 37 at 2.) Plaintiff's counsel also allegedly failed to respond to several phone calls regarding payment, though Plaintiff's counsel apparently left a brief voicemail message for counsel for the Defendant. (Dkt. 37 at 2-3.) Based on the foregoing, Defendant requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice as a sanction for Plaintiff's disregard of Orders of the Court. (Dkt. 37 at 3-5.) Defendant alternatively requests that the Court issue an order awarding Defendant attorneys' fees and costs associated with the filing of the instant Motion for Sanctions and conditioning the continuation of the lawsuit on Plaintiff's payment of those fees along with the $11,553.00 already owed to Defendant. (Dkt. 37 at 5.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss a complaint "if the plaintiff fails to prosecute or to comply with these rules or a

court order." Fed. R. Civ. P. 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice.'" Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (emphasis in original). Dismissal of a complaint with prejudice "is considered a sanction of last resort, applicable only in extreme circumstances." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). The Eleventh Circuit has nevertheless affirmed the dismissal of a complaint with prejudice where a plaintiff failed to pay monetary sanctions imposed for noncompliance with a discovery order after receiving repeated warnings of the consequences of misconduct. See Moon v. Newsome, 863 F.2d 835, 838-39 (11th Cir. 1989).

According to Defendant, Plaintiff here violated an Order of the Court by failing to render timely payment of the monetary sanctions imposed. Plaintiff had already received a warning that the failure to comply with a court order could result in dismissal (Dkt. 19 at 3) but still chose to disobey a subsequent order without offering any explanation to opposing counsel or to the Court. The Court additionally observes that those sanctions were imposed in the first instance because Plaintiff failed to comply with discovery obligations required to prosecute this action.

Based on the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not dismiss this matter with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Plaintiff shall have up to and including **March 25, 2011**, to respond to this Order. Failure to respond by **March 25, 2011**, will result in the dismissal of this action with prejudice without further notice and may result

in the imposition of additional sanctions.

**DONE** and **ORDERED** in Orlando, Florida this 18th day of March 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record