UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICHOLAS J. AHRENS**
    **Plaintiff**

v.                                            Case No. 6:09-CV-2188-ORL-35KRS

**UNIVERSAL TECHNICAL INSTITUTE**
**d/b/a Motorcycle and Marine Mechanics Institute**
    **Defendant**

_____/

**RESPONSE TO ORDER TO SHOW CAUSE AND PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW**

    Plaintiff Nicholas J. Ahrens responds to this honorable court on the issue of Dismissal of this cause of action with prejudice as a sanction for failing to pay $11,553.00 in attorney's fees for issues concerning discovery in October and November of 2010.

    The Sanction of Dismissing a cause of action is a "sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir.1984); <u>E.E.O.C. v. Troy State University</u>, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982), cert denied, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983). Additionally, such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal. <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir.1984); <u>E.E.O.C. v. Troy State University</u>, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982).

The facts that led to the request for attorney's fees are that Plaintiff did not provide all discovery documents in the time frame that were required by the applicable rules. The discovery requested

which consisted of production, interrogatories and requests to admit although not timely was thorough and was completed within the discovery time frame imposed by the court. The court allowed the depositions of Irwin Weaver and Nicholas J. Ahrens to be completed soon after the deadline of January 14, 2011.

Counsel for the Defendant Universal Technical Institute has provided case law in his response to Plaintiff's counsel's motion to withdraw which are not applicable to the facts of the case in front of this honorable court. The first case that counsel sites to argue that the case should be dismissed with prejudice is <u>Baltimore v. Jim Burke Motors</u>. This case differs from Ahrens v. UTI in that Baltimore submitted "some discovery after the court's deadline, but did not completely comply with the court's order." In the case before the honorable court, all of the discovery requested was sent via FAX to the Arizona office of cousel for UTI on the date of the deadline of December 14, 2010. Counsel for the Defendant informed counsel for the Plaintiff that they did not receive the fax and it was re-faxed to Defendant on December 15, 2010. Additionally, neither the Plaintiff nor counsel have the present ability to pay these fees, a fact that opposing cousel is aware.

Counsel recognizes that the response is not timely for the show cause deadline of March 25, 2011, however, cousel will offer to the court that the time period was marked with extreme financial hardship resulting in the collapse of the law firm. While admittedly negligent, such actions do not rise to the level of the extreme rememdy of denying the Plaintiff the right to have his meritorious claim adjudicated. *See* <u>Mueller v. Insurance Benefit Administrators, Inc.</u> 529 N.E. 2D 1126 ( Ill.App.1 Dist., 1988)   (Where the Plaintiff William Mueller's case was dismissed for willfully violating a court order because of failure of attorney to attend deposition. The appellate court reversed and suggested "The imposition of sanctions should accomplish discovery rather

than inflict punishment." Here in the case before this honorable court, the sanction of last resort is not in the interest of justice and seeks only to inflict punishment.

Wherefore, the Plantiff prays this honorable court to not enter the ultimate and extreme sanction of dismissal with prejudice and allow the case to continue.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded through the CMECF to the following this 18th day of April, 2011:

Gregory W. Herbert, Esquire
GREENBERG TRAURIG
450 South Orange Avenue
Suite 650
Orlando, Florida 32801

John Lomax, Esquire
SNELL AND WILMER
One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202

Respectfully Submitted,

__/s/ Timothy Frantz_____

Timothy Frantz, Esquire
PO BOX 491317
Leesburg, Florida 34748
Tel (352) 874-3487