**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NICHOLAS J. AHRENS,**

        **Plaintiff,**

v.                                                                                        **CASE NO. 6:09-cv-2188-ORL-35KRS**

**UNIVERSAL TECHNICAL INSTITUTE,**
d/b/a Motorcycle and Marine Mechanics
Institute,

        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Sanctions (Dkt. 37). Upon review of all relevant filings and case law and being otherwise fully advised, Defendant's Motion is **GRANTED**

### I. BACKGROUND

On November 18, 2010, Plaintiff filed a Motion to Compel Discovery, requesting an order compelling Plaintiff to comply with certain discovery requests. (Dkt. 18 at 1.) Plaintiff failed to respond to the Motion to Compel. This Court entered an Order on December 7, 2010, granting the motion as unopposed and ordering Plaintiff to comply with Defendant's discovery requests. (Dkt. 19 at 2-3.) The Court advised Plaintiff in that Order that failure to comply with its terms could result in sanctions, "including dismissal of Ahrens' claim." (Dkt. 19 at 2.)

On December 20, 2010, Defendant filed a Motion for Attorneys' Fees, in which Defendant sought the reimbursement of attorneys' fees and costs expended in bringing the Motion to Compel Discovery. (Dkt. 20 at 8-9.) Plaintiff again neglected to respond to that motion. The Court entered an Order granting that motion as unopposed and requiring Plaintiff to pay Defendant $11,553.00 on or before March 4, 2011. (Dkt. 32.)

In the Motion for Sanctions before the Court, counsel for the Defendant asserts that to date Plaintiff has failed to tender payment as required by the Order (Dkt. 32) of this Court. (Dkt. 37 at 1, 2.) Defense counsel also asserts that Plaintiff's counsel never responded to an email sent on March 3, 2011, inquiring about the status of payment. (Dkt. 37 at 2.) Plaintiff's counsel also allegedly failed to respond to several phone calls regarding payment, though Plaintiff's counsel apparently left a brief voicemail message for counsel for the Defendant.[1] (Dkt. 37 at 2-3.)

After considering the Motion for Sanctions, this Court issued an Order to Show Cause on March 18, 2011, ordering Plaintiff to show cause why the Court should not dismiss this matter under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. (Dkt. 38.) The Court again admonished Plaintiff that failure to respond to that Order by March 25, 2011, would result in dismissal of this action. (Dkt. 38 at 3.)

Plaintiff failed to respond to the Order to Show Cause within the deadline set by the Court. However, counsel for Plaintiff filed a Motion for Withdrawal as Counsel of Record without Substitution on April 8, 2011. (Dkt. 42.) In that motion, Counsel for Plaintiff requests that the Court allow him to withdraw from any further representation,

---

[1] According to Defendant, the voicemail message left by Mr. Frantz states as follows: "Hi, how are you? This is Tim Frantz calling. Um, just calling you back. Ah, call me when you can. Bye." (Dkt. 41 at 1.)

citing dire financial distress and irreconcilable differences with his client. (Dkt. 42 at 1-2.) Plaintiff's Motion failed to address the Order to Show Cause. Defendant filed a Response to the Motion to Withdraw on April 14, 2011. (Dkt. 44.) In the Response, Defendant renewed its request for dismissal of this matter as a sanction for noncompliance with the Court's orders. (Dkt. 44 at 1-2.)

On April 19, 2011, well past the expiration of the deadline imposed by the Court, Plaintiff filed a Response to Order to Show Cause. (Dkt. 45.) In the Response, Plaintiff contends that dismissal is inappropriate because the dispute regarding discovery has been resolved and discovery has been completed. (Dkt. 45 at 2-3.) Plaintiff also contends that the failure to pay fees is not a valid basis for dismissal because neither counsel nor Plaintiff has the ability to pay the fees imposed by the Court. (Dkt. 45 at 2.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss a complaint "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice.'" Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (emphasis in original). Dismissal of a complaint "is considered a sanction of last resort, applicable only in extreme circumstances." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). The Eleventh Circuit has nevertheless affirmed the dismissal of a complaint where a plaintiff failed to pay monetary sanctions imposed for noncompliance with a discovery order after receiving repeated warnings of the consequences of misconduct.

See Moon v. Newsome, 863 F.2d 835, 838-39 (11th Cir. 1989).

The Court finds that dismissal of this action with prejudice is an appropriate sanction under the circumstances of this case. Plaintiff violated an Order of the Court by failing to render timely payment of the monetary sanctions imposed. Plaintiff had already received a warning that the failure to comply with a court order could result in dismissal (Dkt. 19 at 3) but still chose to disobey a subsequent order without offering any explanation to opposing counsel or to the Court. Those sanctions were imposed in the first instance because Plaintiff failed to comply with discovery obligations required to prosecute this action.

Plaintiff also chose not to respond to either the Motion for Sanctions or the Show Cause Order within the deadlines imposed by the Court. In the Show Cause Order, the Court unequivocally warned Plaintiff that failure to respond within the timeframe provided would result in dismissal of this action. Plaintiff's noncompliance with Court orders at the very least amounts to a clear record of delay, if not willful contempt. When Plaintiff finally responded to the Order to Show Cause, he provided no evidence of an inability to pay; did not detail unsuccessful efforts to obtain funds with which to pay the sanction; did not offer to pay in part or over time; and did not otherwise offer any valid excuse for the failure to respond to the Order to Show Cause in a timely manner. See Moon, 863 F.2d at 838 (affirming dismissal where plaintiff proceeding *in forma pauperis* "neither attempted to demonstrate to the court that he was unable to pay the sanction nor asserted any other excuse for noncompliance with lawful order. . . did not come before the court offering to pay in part or over time . . . [and] filed nothing detailing

unsuccessful efforts to obtain funds with which to pay the sanction.").

Although Plaintiff claims that neither counsel nor Plaintiff has the ability to pay the monetary sanctions, "[p]rotestations of poverty are not evidence." Ebeh v. Tropical Sportswear Int'l Corp., 199 F.R.D. 696, 699 (M.D. Fla. 2001) (dismissing case for failure to pay sanctions imposed during discovery dispute despite claim of inability to pay); see also Wallace v. UAW Local 1639, No. 06-0395-WS-M, 2008 WL 2705382, at *2 (S.D. Ala. July 9, 2008) (same); Rickerson v. Woods, No. CV 104-068, 2007 WL 1106134, *2 (S.D. Ga. 2007) (same). More importantly, Plaintiff's pervasive noncompliance in this matter is "evidence of a refusal to acknowledge the authority" of the Court and indicates "no willingness to comply with court orders." Moon, 863 F.2d at 839. The failure to secure alternative counsel is also evidence of a lack of diligent prosecution of this action.

In light of the failure to comply with Order imposing monetary sanctions and the subsequent failure timely to respond to the Show Cause Order, the Court further finds that any sanction short of dismissal would be ineffectual.

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion for Sanctions (Dkt. 37) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 41(b), it is hereby **ORDERED** that this matter is **DISMISSED with prejudice**. The **Clerk** is directed to **TERMINATE** all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of June 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties